WILLIAM G. ROWLES AND VERNA M. ROWLES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rowles v. Comm'r
Docket No. 18656-80. United States Tax Court
T.C. Memo 1986-30; 1986 Tax Ct. Memo LEXIS 578; 51 T.C.M. (CCH) 330; T.C.M. (RIA) 86030; January 23, 1986. Verna M. Rowles, pro se. Roger Glienke, for the respondent. AARONS
MEMORANDUM FINDINGS OF FACT AND OPINION AARONS, Special Trial Judge: This case was assigned to Special Trial Judge Aarons pursuant to section 7456(d)(3) and Rules 180, 181 and 182 [1]. Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $5,494. By an Amendment to Answer, *579 filed with leave of the Court more than seven months before the trial, respondent seeks an additional deficiency based upon the disallowance of $3,011 for mileage, meals and lodging previously allowed in the Notice of Deficiency. The issues to be decided are: (1) the amount of petitioners' gambling losses in 1977, and (2) whether the foregoing items of travel expense are allowable. FINDINGS OF FACT To the extent stipulated the facts are so found. Petitioners resided in Palmdale, California at the time of filing their petition and resided there at the time of trial. During 1977, petitioner William G. Rowles ("William") was employed by Northrop Corporation at Hawthorne, California and his wife, petitioner Verna M. Rowles ("Verna") was a homemaker.Neither William or Verna was a professional gambler engaged in the business of wagering. In 1977, Verna made nine trips to Lake Tahoe, Nevada for gambling purposes, and five trips to Las Vegas, Nevada for gambling purposes. William did not accompany Verna on any of her trips to Las Vegas. William was out of the country on a business assignment at the time of trial. Verna was the only witness in this case. Petitioners also visited the *580 Santa Anita and Hollywood Park race tracks, in the Los Angeles area, at various times during 1977, and placed bets on those occasions. The parties have stipulated that petitioners' gambling winnings in 1977 were $42,589.50, including $42,251.10 Nevada winnings and $338.40 Santa Anita winnings. Petitioners reported net wagering winnings of $889. Respondent adjusted the total winnings by adding $41,691 to the $889 figure claimed by petitioners. Respondent allowed gambling losses of $19,225. Petitioners had claimed losses (including travel expense) totaling $41,350. The claimed travel expense was $1,700, as contrasted with the allowance of $3,011 in the Notice of Deficiency, which respondent seeks to disallow in the Amendment to Answer. The claimed race track losses were $2,186. Respondent's allowance of petitioners' 1977 gambling losses in the amount of $19,225 consisted of the following items: Checks cashed at casions
$16,525
Cash on hand
1,200
Bank of America Card
1,500
cash advances
Total
$19,225
Petitioners did not cash checks or receive credit card advances at race tracks. Petitioners support their claim of $41,691 gambling losses by purportedly *581 contemporaneous diaries showing entries of winnings and losses during each of their visits to Nevada in 1977. They support their race track losses by purportedly contemporaneous notations appearing on "official programs" which they received at Santa Anita and Hollywood Park. The diaries contain entries commencing January 1, 1977 and ending December 29, 1977. The covers of the diaries contain the printed words "Pocket Gaming Diary -- Compliments of Del Webb Hotels". On a printed page, inside the cover of the diaries, the following appears: Gaming losses are deductible from your tax returns, up to the amount of winnings, if a schedule is kept by the individual at the time the loss occurred. The Gaming Diary is provided for this purpose. For full details please refer to Revenue Procedure 77-29 issued by the Internal Revenue Service. Revenue Procedure 77-29 was issued on September 12, 1977 (1977-37 I.R.B. 16). The Court finds that the diaries were not contemporaneous, and that Verna's testimony to the effect that petitioners' 1977 gambling losses were recorded at or close to the time the losses were incurred lacks credibility [2]. *582 With respect to the travel expense, which respondent seeks to disallow in his Amendment to Answer, no proof was submitted by either party. However at the trial, respondent stipulated that the $3,011 in question is the correct amount actually expended for travel. OPINION The determinations made by respondent in the notice of deficiency are presumed to be correct. Petitioners bear the burden of establishing error in those determinations. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). However, when respondent pleads new matters in his answer, he bears the burden of proof as to such new matters. Rule 142(a). Petitioners have failed to carry their burden of proof. Verna testified that the entries of wins and losses were entered in the Pocket Gaming Diaries at or near the time of the respective gambling transactions. She placed her total reliance upon such diaries. The printed reference inside the Diaries to Revenue Procedure 77-29 destroys Verna's credibility and undermines the evidentiary value of the Diaries. Although the publication date of *583 Revenue Procedure 77-29 is not set forth in the Cumulative Bulletin in which it is published (1977-2 C.B. 538), the Court takes judicial notice of the publication of this Revenue Procedure on September 12, 1977 in 1977-37 I.R.B. 16. Moreover, Revenue Procedure 77-29 contains a reference to T.D. 7492 which was approved June 25, 1977 and filed in the Office of Federal Register June 28, 1977. See 1977-2 C.B. 463 and 464. Petitioner's only response to this glaring inconsistency was a reiteration of her statement that the diaries were given to petitioners by the Sahara in early January 1977. The collapse of Verna's credibility and the absence of any reliable records requires the Court to sustain respondent in his limitation of petitioners' 1977 gambling losses to $19,225. See Schooler v. Commissioner,68 T.C. 867 (1977). With respect to the travel expense, respondent has agreed that the amount allowable is $3,011 if any travel expense is legally deductible under these facts. According to respondent, this concession eliminates burden of proof as an issue with respect to travel expense, *584 and leaves only a legal question. Petitioners conceded in the Stipulation of Facts that they were not in the business of gambling. At trial, the Court gave Verna an opportunity to reconsider this concession, but she reaffirmed it. Respondent contends that a non-professional gambler is not entitled to travel expense under section 212, as an expense "for the production or collection of income." Respondent further points out that section 1.212-1(c), Income Tax Regs., incorporates by reference the tests under section 183 for determining whether petitioners' gambling activities were transactions entered into for the production of income, i.e., for profit. Respondent relies principally upon the two cases of Shiosaki v. Commissioner,T.C. Memo. 1971-24, affd. 475 F.2d 770 (9th Cir. 1973), and Shiosaki v. Commissioner,T.C. Memo. 1975-28. However, the problem respondent has not escaped from is that, despite the concession as to the $3,011 amount expended for travel, respondent still has the burden of proving that the "for profit" tests under section 183 were not met in this case. The Shiosaki cases, *585 supra, involved a non-professional gambler who went to Las Vegas frequently in the years at issue. He suffered losses and had consistently suffered losses over a period of many years. In the instant case, petitioners ended up in 1977 with claimed winnings of $899, and with winnings exceeding $20,000 as a result of our conclusions herein. There is nothing in the record as to petitioners' pattern of winnings and losses in other years. It is our view that the burden of proof placed upon respondent by his Amendment to Answer leaves more than just a question of law. Respondent had the burden of proving facts which would negate the "for profit" tests of section 183 and section 1.183-2(a) and (b), Income Tax Regs. Respondent failed to provide such proof. In accordance with the foregoing we sustain the deficiency in the amount asserted in the notice of deficiency, i.e., $5,494. We reject respondent's claim for an additional deficiency. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Also in evidence is a document drafted by William, entitled "1977 Tax Account Verna M. Rowles". This document is a handwritten summary of the gambling transactions purportedly occurring in 1977. The document was prepared in 1980 on the basis of the allegedly contemporaneous 1977 diaries.↩